El Pueblo de Puerto Rico, demandante y apelado, *v.* Angel Colón, José Inglés y Diego Ramos, acusados y apelantes.

No. 3023.—*Visto:* Febrero 1, 1927. *Resuelto:* Julio 22, 1927.

Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones Discrecionales—Resoluciones en Relación con la Acusación o las Alegaciones Hechas *(Pleas)*—Resolución de Moción Sobre Mayor Especificación de Particulares.—Bajo acusación que sólo impute falta de prudencia y circunspección en el manejo de una locomotora a tres personas que desempeñen funciones distintas en ésta, abusa de su poder discrecional una corte que niega moción sobre mayor especificación *(bill of particulars)* de los hechos constitutivos de los actos u omisiones que se califican de ilegales o constitutivos de la falta de debida prudencia y circunspección por parte de ellas.

Sentencia de *Luis Sumalea,* J. en Comisión, (Aguadilla), condenando a los acusados por delito de Homicidio Involuntario. *Revocada* y devuelto el caso.

*Mariano y Federico Acosta Velarde,* abogados de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La acusación, base de este proceso, dice, en lo pertinente, así:

"El Fiscal formula acusación contra Angel Colón, José Inglés y Diego Ramos, por un delito de Homicidio Involuntario (felony), cometido del modo siguiente:—Los referidos acusados, Angel Colón, José Inglés y Diego Ramos, en época anterior a la presentación de

esta acusación o sea allá por el día 5 de diciembre de 1925, en la municipalidad de Aguadilla, P. R., que forma parte del Distrito Judicial del mismo nombre, allí y entonces, ilegal y voluntariamente, y en ocasión en que la locomotora No. 83 de la American Railroad Co. of Porto Rico marchaba hacia atrás empujando un tren o convoy de vagones hacia la estación de la playa de esta ciudad de Aguadilla, el primero como maquinista, el segundo como fogonero y el último como guardafrenos de dicha Locomotora No. 83 de la American Railroad Co. of Porto Rico, sin guardar la debida prudencia o circunspección y por descuido y negligencia dieron lugar a que el ser humano Leonor Llorens fuera arrollado por el vagón extremo de dicho tren o convoy, el cual vagón pasándole por encima, le cercenó o separó la cabeza del tronco, a consecuencia directa de lo que falleció inmediatamente la expresada Leonor Llorens, el propio día 5 de diciembre de 1925.''

Leída a los acusados, presentaron éstos una detallada moción solicitando especificaciones. La corte la negó. Presentaron entonces excepciones previas, que fueron declaradas sin lugar. Celebrado el juicio, el jurado declaró culpables a los acusados. Pidieron éstos un nuevo juicio, y la corte desestimó su petición, dictando sentencia por virtud de la cual impuso a cada uno un mes de cárcel. No conformes, apelaron, señalando en su alegato la comisión de tres errores cometidos por la corte al declarar sin lugar la moción solicitando especificaciones, las excepciones previas y la moción de nuevo juicio.

En su alegato el fiscal de esta corte admite que está bien fundado el primero de los errores señalados. Y así es en efecto.

En el caso de *El Pueblo v. Piñeiro*, 31 D.P.R. 1, 4, esta Corte se expresó así:

''En este caso el acusado pidió una especificación de particulares y se le negó. El acusado, como fundamento de su petición, se limitó a decir que no podía preparar su defensa sin enterarse de los hechos, los actos u omisiones que se califican de ilegales o constitutivos de falta de debida prudencia y circunspección. Debió ser más explícito para convencer a la corte de que le sería imposible o difícil preparar su defensa, por lo que se nos hace difícil declarar que al

negar tal moción la corte abusó de su poder discrecional para con-
cederla, pero como el examen que hemos hecho de la prueba nos de-
muestra que en verdad el hecho imputado pudo ocurrir de muchas
maneras pues por las declaraciones de unos testigos el acusado lle-
vaba el carro eléctrico a una gran velocidad; según otros no tocaba
la campana de aviso; se declaró también que no estaba encendida
la luz delantera del carro y que no miraba para la vía férrea por
estar distraído mirando a unas jóvenes que pasaban por la acera
derecha de la calle.   Todo esto nos convence de que en bien de la
justicia y bajo el poder general que tenemos debe revocarse la sen-
tencia apelada a fin de que sea concedida la moción que hizo sobre
especificación de hechos (bill of particulars).''

Un examen de los hechos de este caso presenta una situa-
ción parecida al de Piñeiro, *supra*.   Además, aquí la moción,
según dejamos consignado, fué detallada,—ocupa dos páginas
en maquinilla—, y el caso es más fuerte por tratarse de tres
acusados.   A esta última circunstancia refiriéndose, dice el
Fiscal en su alegato:

''Hay otro fundamento que nos inclina con mayor fuerza a alla-
narnos a la revocación de la sentencia por este error planteado, por-
que verá el Tribunal que la acusación imputa la falta de prudencia
y circunspección en el manejo de una locomotora a tres acusados,
uno que se dice que era el maquinista, otro el fogonero y el último
el guardafrenos de dicha locomotora; y siendo esto así, si en al-
guna acusación, a nuestro juicio, ha debido prosperar una moción
para hacerla más específica ha debido ser en este caso, en que con-
tra lo natural y corriente, o sea la imputación del delito a la per-
sona que tenía el manejo o control de la locomotora, se hace la im-
putación a dos personas más, que por las funciones que desempeña-
ban en dicha locomotora, como las de guarda-frenos y fogonero, no
parece que claramente tuvieran participación en el hecho, esto es,
en la falta del debido cuidado en el manejo de la referida loco-
motora.

''No hay duda alguna de que para declarar a una persona cul-
pable de un delito de esta naturaleza la negligencia debe ser el acto
personal e individual del que así actúa.

''Para declarar a una persona culpable de homicidio a virtud de
la realización de un acto negligente que causa la muerte, el acto
negligente debe haber sido un acto personal, individual.   Y cuando

una persona que tiene a su cargo una locomotora la para y sale de ella, y otra persona viene y la pone en movimiento y ocasiona la muerte que se investiga, la persona que salió de la locomotora no es criminalmente responsable de la muerte. Ni puede el guardafrenos de un ferrocarril que no tiene el control de la máquina, ser responsable de la muerte de una persona resultante de la negligencia en el cumplimiento de su deber por parte del maquinista y del fogonero." *Wharton on Homicide,* 3a. Ed. pág. 722.

Habiendo llegado a la anterior conclusión, se hace innecesario considerar los otros errores señalados. *Debe revocarse la sentencia apelada y la causa devolverse para ulteriores procedimientos no inconsistentes con esta opinión.*